UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDA BROWN                                         CIVIL ACTION

VERSUS                                               NO. 06-6004

STATE FARM FIRE AND                                  SECTION "C" (3)
CASUALTY COMPANY

ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal.  The parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional

minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendants have not met their burden.  The Court acknowledges that prior to filing suit, the plaintiff's counsel sent a demand letter to the defendant demanding a sum far in excess of the jurisdictional minimum.  However, the plaintiff also "stipulated" in her subsequently-filed petition that the amount in controversy did not exceed the jurisdictional amount.  The Court also recognizes that this stipulation may not be "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J. Vance).  The stipulation is, however, evidence of the jurisdictional amount for present purposes, and the defendants present no other proof that the jurisdictional minimum existed at the relevant time.

In addition, this Court has held that the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. 1369 ("MMTJA") does not provide a basis for subject matter jurisdiction under these circumstances.  <u>Fidelity Homestead Assn. v. The Hanover Insurance Co.</u>, 2006 WL 2873562 (E.D.La).

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  <u>See:</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 6th day of November, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE